IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY W. LARSON,<br><br>Defendant. | CR 12-74-BLG-SPW-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Jeffrey W. Larson (Larson) has been accused of violating the conditions of his supervised release. Larson admitted alleged violation 3. The Court dismissed alleged violations 1 and 2 on the government's motion. Larson's supervised release should be revoked. Larson should receive a custodial sentence of time served, with 113 months of supervised release to follow. Larson's supervised release conditions should be amended to state that he may not possess any device that is capable of accessing the Internet.

## II. Status

Larson pleaded guilty to Receipt of Child Pornography on July 10, 2012. (Doc. 12). The Court sentenced Larson to 84 months of custody, followed by

10 years of supervised release. (Doc. 28). Larson's current term of supervised release began on April 5, 2019. (Doc. 36 at 1).

**Petition**

The United States Probation Office filed a Petition on July 20, 2022, requesting that the Court revoke Larson's supervised release. (Doc. 36). The Petition alleged that Larson had violated the conditions of his supervised release: 1) by committing another crime; 2) by possessing materials depicting sexually explicit conduct; and 3) by possessing more than one device capable of accessing the Internet.

**Initial appearance**

Larson appeared before the undersigned for his initial appearance on January 17, 2023. Larson was represented by counsel. Larson stated that he had read the petition and that he understood the allegations. Larson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 21, 2023. Larson admitted that he had violated the conditions of his supervised release by possessing more than one device capable of accessing the Internet. The Court

dismissed alleged violations 1 and 2 on the government's motion. The violation that Larson admitted is serious and warrants revocation of Larson's supervised release.

Larson's violation is a Grade C violation. Larson's criminal history category is I. Larson's underlying offense is a Class C felony. Larson could be incarcerated for up to 24 months. Larson could be ordered to remain on supervised release for up to 120 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Larson's supervised release should be revoked. Larson should receive a custodial sentence of time served, with 113 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Larson's supervised release conditions should be amended to state that he may not possess any device that is capable of accessing the Internet.

### IV. Conclusion

The Court informed Larson that the above sentence would be recommended to United States District Judge Susan P. Watters. The Court also informed Larson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Larson that Judge Watters would consider

a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Larson stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Watters.

The Court **FINDS:**

> That Jeffrey W. Larson violated the conditions of his supervised release by possessing more than one device capable of accessing the Internet.

The Court **RECOMMENDS:**

> That the District Court revoke Larson's supervised release and commit Larson to the custody of the United States Bureau of Prisons for a term of time served, with 113 months of supervised release to follow. Larson's supervised release conditions should be amended to state that he may not possess any device that is capable of accessing the Internet.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 22nd day of March, 2023.

/s/ John Johnston
John Johnston
United States Magistrate Judge